# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 23-768V

| | |
|---|---|
| CHANTEL GISSENTANNER,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 10, 2025 |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Kimberly Shubert Davey*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 25, 2023, Chantel Gissentanner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine she received on October 12, 2020. Petition, ECF No. 1. On March 7, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 30.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $37,079.34 (representing $36,019.25 in fees plus $1,060.09 in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 13, 2025, ECF No. 34. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 34 at 57.

Respondent reacted to the motion on March 20, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 35. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations. Petitioner has requested an hourly rate of $475.00 for 2025 work performed by attorney David John Carney, representing a rate increase of $25.00 from the previous year. Petitioner has also requested an hourly rate of $450.00 for 2024 work performed by attorney Adam Green, representing an increase of $25.00 from the previous year, and an hourly rate of $225.00 for 2024 work performed by Evan Baker. I find the proposed rates to be reasonable and hereby award them herein.

However, a few of the tasks performed by Mr. Carney in this matter are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed tasks, they must be charged at a reduced rate comparable to that of a paralegal. **Application of the foregoing reduces the amount of fees to be awarded by $605.00**.[4]

---

[3] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests, bate stamping documents, drafting basic documents such as an exhibit list, PAR Questionnaire, notice of filing, statement of completion, cover sheet, joint notices not to seek review. See billing entries dated: 5/21/2023, 6/1/2023 (two entries), 6/18/2024 (two entries), 3/10/2025. ECF No. 34 at 14-24.

[4] This amount is calculated as follows: ($425.00 - $175.00 = $250.00 x 1.5) + ($450.00 - $175.00 = $275.00 x .40 hrs.) + ($475.00 - $175.00 = $300.00 x 0.40 hrs.) = $605.00

2

Additionally, a review of the billing records reveals several hours billed on tasks considered administrative in nature, including reviewing basic court orders and calendaring deadlines.[5]  Billing at any professional rate for clerical and other administrative work is not permitted in the Vaccine Program. *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). See also *Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature. Examples include scheduling status conferences...preparing compact discs...and filing documents through the CM/ECF system."); *Kerridge v. Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); *Silver v. Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks**"). Application of the foregoing reduces the amount of fees to be awarded by $657.50**.

Petitioner has provided supporting documentation for all claimed costs. ECF No. 34 at 26-55. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $35,816.84 (representing $34,756.75 in fees plus $1,060.09 in costs in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

---

[5] See billing entries dated: 5/25/2023, 5/26/2023, 9/18/2023, 3/8/2024, 5/24/2024, 6/26/2024, 8/3/2024, 11/8/2024, 12/5/2024, 2/7/2025. ECF No. 34 at 14-24, totaling $657.50 in fees claimed for administrative tasks.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master